**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**

| | | |
|---|---|---|
| VKTR LLC d/b/a VKTR INDUSTRIES LLC, | ) | |
| Plaintiff, | ) | Case No. 4:26-cv-784 |
| v. | ) | **JURY TRIAL DEMANDED** |
| LEITNER-WISE LLC, | ) | |
| Defendant. | ) | |

**COMPLAINT FOR PATENT INFRINGEMENT AND UNFAIR COMPETITION**

Plaintiff VKTR LLC d/b/a VKTR Industries LLC ("VKTR") for its Complaint against Defendant Leitner-Wise LLC ("Leitner-Wise") alleges as follows:

**NATURE AND BASIS OF THE ACTION**

1. This is an action for patent infringement under the Patent Act, 35 U.S.C. § 271 and unfair competition under the Lanham Act arising from Leitner-Wise's unauthorized manufacture, use, offer for sale, and sale of products that infringe VKTR's U.S. Patent No. 7,735,410 (the "'410 Patent"), which covers innovations in the operation of bolts for AR-15 pattern firearms.

**THE PARTIES**

2. Plaintiff VKTR is a Missouri limited liability company with its principal place of business in House Springs, Missouri.

3. The sole member of VKTR is David Rybacki, a citizen of the United States who is domiciled in Missouri.

4. Defendant Leitner-Wise LLC is a limited liability company organized under the laws of the District of Columbia with its principal place of business at 403 K. Street, NE, Suite 1,

Washington, DC 20002. According to the records of the Corporation Division of the District of Columbia, Leitner-Wise was dissolved on or about April 24, 2023:



GOVERNMENT OF THE DISTRICT OF COLUMBIA
Corporations Division

Entity Information

Search > Entity Search > Entity Information

Record Name
Leitner-Wise LLC

Entity Type
Domestic Limited Liability Company

Election Type
N/A

Initial File No.
L00006112633

Entity Status
Dissolved

Street Address
403 K ST. NE, STE.1, WASHINGTON, DC, 20002, USA

Mailing Address
N/A

Entity Email
N/A

File Date
11/12/2018

Effective Date
11/12/2018

Purpose
Product Design

https://corponline.dlcp.dc.gov/homepage/business-info (last accessed Apr. 15, 2026). Despite the listing as dissolved, Leitner-Wise is still engaged in the business of selling firearms and firearm-related components and accessories. For example, Leitner-Wise maintains a website at https://www.leitner-wise.com, and the bottom of the main webpage lists a copyright for 2026 and that Leitner-Wise has offices in both Washington, DC and Chicago. As detailed below, Leitner-Wise has continued to offer and sell the infringing product regardless of its entity status.

**JURISDICTION AND VENUE**

5. This is an action for patent infringement under 35 U.S.C. § 271. The Court has subject-matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a). The Court has jurisdiction over the remaining state law claims under 28 U.S.C. § 1367.

6. The Court has personal jurisdiction over Leitner-Wise because Leitner-Wise has sufficient minimum contacts with the State of Texas such that the exercise of personal jurisdiction over Leitner-Wise will not offend traditional notions of fair play and substantial justice. For example, Leitner-Wise has sold, processed orders for, and shipped Accused Products into the State of Texas in and around June and July 2026, and has also corresponded with customers in Texas regarding their purchase of Accused Product. On information and belief, Leitner-Wise has engaged in other acts of infringement within the State of Texas, and engages in substantial business throughout the State of Texas.

7. Venue is proper in this judicial district under 28 U.S.C. §§ 1391(c) and 1400(b) because Leitner-Wise has sold, processed orders for, and shipped Accused Products into the State of Texas in and around June and July 2026, and has also corresponded with customers in Texas regarding their purchase of Accused Product. On information and belief, Leitner-Wise has engaged in other acts of infringement within the State of Texas.

## FACTUAL ALLEGATIONS

8. VKTR is a fully licensed manufacturer and seller of firearms and firearm parts.

9. In connection with developing and producing its firearms and firearm components, VKTR has assembled a portfolio of patents protecting various innovations in firearm technology.

### The ’410 Patent – Improved Firearm Bolt and Extractor Assembly

10. The ’410 Patent claims an improved bolt and extractor assembly for AR-15/M-16/M4-styled firearms. A true and correct copy of the ’410 Patent is included as **Exhibit 1** and is incorporated by this reference.

11. As shown on the face of the '410 Patent, Mr. Robert Bernard Iredale Clark is listed as the sole inventor of the technology described in the '410 Patent:

(12) **United States Patent**
**Clark**

(10) **Patent No.:** **US 7,735,410 B2**
(45) **Date of Patent:** **Jun. 15, 2010**

(54) **FIREARM BOLT**

(76) Inventor: **Robert Bernard Iredale Clark**, Penwood House, St. Breward, Bodmin, Cornwall (GB) PL30 4YR

( * ) Notice: Subject to any disclaimer, the term of this patent is extended or adjusted under 35 U.S.C. 154(b) by 0 days.

(56) **References Cited**

U.S. PATENT DOCUMENTS

| | | | | | |
|---|---|---|---|---|---|
| 804,699 | A * | 11/1905 | Benet et al. | ................... | 42/25 |
| 3,027,672 | A * | 4/1962 | Sullivan | ........................ | 42/16 |
| 5,499,569 | A * | 3/1996 | Schuetz | ....................... | 89/197 |
| 6,182,389 | B1 * | 2/2001 | Lewis | .......................... | 42/16 |

*See* **Ex. 1**, at pg. 1.

12. As the background of the '410 Patent explains, the M-16 rifle has been a standard weapon of choice for the U.S. military and has spawned a family of firearms popular within the civilian market.

13. The M-16 and related military and civilian variants generally utilize a gas-operated bolt carrier system in which the bolt carrier is comprised of a multi-lug bolt that interlocks with the barrel extension located within the receiver. The bolt also includes a spring-loaded extractor configured to releasably engage the cartridge as it is placed in the firing chamber.

14. Once fired, the interlocked bolt receives the recoil force transmitted from the face of the bolt to its lugs. The lugs, in turn, transmit the recoil force to the corresponding lugs of the barrel extension. Once the round is fired, the bolt unlocks from the barrel extension and the bolt carrier recoils, during which time the extractor pulls the expended cartridge from the firing chamber and ejects the same.

15. While prior art to the '410 Patent addresses some of the deficiencies in the design of bolts for M-16 rifles and their military and civilian variants, there remain many issues with such

bolts. For example, it was well known that the bolts are subject to failure due to extreme stress and temperature from repeated firing. This problem is particularly pronounced with respect to the lugs projecting from the main body of the bolt, as the firearms utilize an unsymmetrical locking system in order to accommodate the extractor, resulting in uneven stress distributed among the bolt's lugs. This increases the risk of structural failure in the bolts from repeated high stress induced by firing the firearm.

16. Another common issue in the prior art bolt designs is that the extractor is typically coupled to the bolt, allowing only a small space between the outer surface of the bolt and the firing pin for the extractor spring. Due to the short length of the extractor spring, it is much more difficult to control and maintain tension to ensure the extractor remains at the proper setting to function reliably.

17. The technology covered by the '410 Patent addresses the foregoing issues by introducing, among other things, an improved lug design which more evenly distributes stress induced by firing the firearm, as well as integrally-formed nipples or spring stabilizing pins designed to engage the corresponding spring to bias the extractor between the first and second position to releasably engage the cartridge, thereby minimizing lateral movement within the springs and extractor and reducing and preventing extractor failures.

**VKTR is assigned the rights to the '410 Patent, which Leitner-Wise knowingly infringes**

18. On or about November 13, 2025, VKTR purchased and was assigned the rights to, among other things, the '410 Patent from its sole named inventor, Mr. Robert Clark. A true and correct copy of the Notice of Recordation of Assignment and the Assignment are included as **Exhibit 2** and incorporated by this reference. Pursuant to the Assignment, VKTR obtained sole and exclusive ownership over all rights, title, and interest in the '410 Patent, as well as the right to sue for past infringement.

19. Shortly before January 9, 2026, VKTR became aware that Defendant Leitner-Wise was offering for purchase and sale on its website a certain product entitled "5.56mm Combat Match Bolt." (the "Accused Product"):




*See* https://leitner-wise.com/store/5-56mm-Combat-Match-Bolt-p200617393 (last accessed: May 15, 2026).

20. In the product details, Leitner-Wise actively markets the Accused Product as embodying the invention claimed in the ’410 Patent:



Product Details

US Patent No: 7,735,410

Leitner-Wise Combat Match refers to a component or set of components that offer unyielding combat reliability with the finesse, precision and accuracy of a match prepared part. When you ultimately need to rely upon the performance of your firearm, Combat Match components will absolutely deliver without question.

*See* https://leitner-wise.com/store/5-56mm-Combat-Match-Bolt-p200617393 (last accessed: May 15, 2026).

21. On or about January 9, 2026, VKTR, through counsel, sent counsel for Leitner-Wise a cease and desist, informing Leitner-Wise that VKTR owned the sole and exclusive rights to the ’410 Patent and demanding that Leitner-Wise cease and discontinue all marketing, advertising, offering for sale, and/or selling of the Accused Product, remove all references to the same from any websites, marketing materials, and product descriptions, and to provide written confirmation of the same by 5:00 p.m. CT on January 16, 2026. A true and correct copy of the Cease and Desist Letter is included as **Exhibit 3** and is incorporated by this reference.

22. On February 3, 2026, Leitner-Wise, through its counsel, responded to the Cease and Desist Letter and declined to discontinue its infringing activity. A true and correct copy of the Response Letter is included as **Exhibit 4** and is incorporated by this reference.

**COUNT ONE**
**Infringement of U.S. Patent No. 7,735,410**

23. VKTR repeats and re-alleges each of the preceding paragraphs as if fully set forth herein.

24. Claim 1 of the ‘410 Patent recites:

A bolt for a firearm, comprising:

> An elongated body having a proximal end, an opposite distal end and a longitudinal axis, the body at its distal end having an annular portion about the longitudinal axis defining an inner cylindrical surface and an outer extremity;
>
> the body further including a number of bolt lugs adjacent its distal end extending radially outward from the outer extremity of the annular portion, the bolt lugs including at least a first bolt lug and a second bolt lug;
>
> the annular portion of the body having a recess extending radially therethrough between a first recess surface and a second recess surface, the first recess surface extending parallel to a radially extending surface of the first bolt lug, the second recess surface extending parallel to a radially extending surface of the second bolt lug, each of the first and second recess surface extending in a respective plane such that the respective planes intersect.

25. Claim 2 of the ’410 Patent recites:

The bolt of claim **1**, wherein the first recess surface is coplanar with the outer surface of the first bolt lug and the second recess surface is coplanar with the outer surface of the second bolt lug.

26. Claim 3 of the ’410 Patent recites:

A bolt for a firearm, comprising:

> an elongated body having a proximal end, an opposite distal end and a longitudinal axis, the body at its distal end having a lug bearing portion defining an inner cylindrical surface and an outer extremity, the lug bearing

portion including a number of bolt lugs extending radially outwardly from the outer extremity thereof;

the lug bearing portion having an extractor accommodating recess extending inwardly from its outer extremity between a first recess surface and a second recess surface, the first and second recess surfaces each extending in a respective plane positioned such that the respective planes intersect.

27. Claim 4 of the ’410 Patent recites:

The bolt of claim **3**, wherein the extractor accommodating recess extends longitudinally of the body beyond the lug bearing portion toward the proximal end of the body.

28. The Accused Product infringes at least claim 1 of the ’410 Patent, as described in the infringement claim chart included as **Exhibit 5**, which is hereby incorporated by this reference.

29. By making, using, selling, offering to sell, and/or importing the Accused Product, Leitner-Wise has infringed and continues to infringe, either literally or under the doctrine of equivalents, at least claim 1 of the ’410 Patent, in violation of 35 U.S.C. § 271.

30. As a direct and proximate result of Leitner-Wise’s infringement, VKTR has suffered and continues to suffer damage and irreparable harm.

31. VKTR is without an adequate remedy at law and will be irreparably harmed if the Court does not enter an order enjoining Leitner-Wise from infringing the ’410 Patent.

32. Leitner-Wise’s infringement has been, and continues to be, knowing, intentional and willful. Leitner-Wise acted with knowledge of the ’410 Patent despite an objectively high likelihood that its actions constituted infringement of at least one valid and enforceable claim of the ’410 Patent, and Leitner-Wise knew or should have known that its actions constituted an unjustifiably high risk of infringement of at least one valid and enforceable claim of the ’410 Patent.

**COUNT TWO**
**15 U.S.C. § 1125(a) and Texas Law**
**Unfair Competition, Passing Off, and Misappropriation**

33. VKTR repeats and re-alleges each of the preceding paragraphs as if fully set forth herein.

34. VKTR and Leitner-Wise are competitors in the firearms and firearms components industry. Both parties manufacture, market, and sell firearm bolts and related components to overlapping customer bases in the United States, including within the State of Texas.

35. Leitner-Wise has engaged in unfair competition by manufacturing, marketing, advertising, offering for sale, and selling the Accused Product in a manner that misappropriates the patented technology covered by the ’410 Patent, trades upon the goodwill and reputation of VKTR and its known ownership of the ’410 Patent, and creates a likelihood of confusion among consumers as to the source, origin, sponsorship, affiliation, or approval of the Accused Product.

36. As described above, Leitner-Wise actively markets the Accused Product by reference to the innovations claimed in the ’410 Patent, thereby trading on the goodwill, reputation, and intellectual property rights of VKTR and creating consumer confusion regarding the authorized source of the patented technology.

37. Leitner-Wise has engaged in passing off by marketing and selling the Accused Product in a manner designed to create the false impression that the Accused Product originates from, is authorized by, or is otherwise affiliated with VKTR, the lawful owner of the ’410 Patent. By advertising the Accused Product with express reference to the patent innovations claimed in the ’410 Patent, Leitner-Wise has passed off its product as embodying VKTR’s proprietary technology and has deceived consumers into believing that the Accused Product is produced or sanctioned by VKTR.

38. Leitner-Wise's conduct as described herein constitutes unfair and deceptive business practices in the sale of goods under both the Lanham Act and Texas law, including but not limited to passing off, misappropriation, and unjust enrichment, all of which have caused and continue to cause injury to VKTR.

39. Leitner-Wise's conduct was undertaken knowingly, willfully, and with the intent to benefit from VKTR's proprietary technology and goodwill without authorization.

40. As a direct and proximate result of Leitner-Wise's unfair competitive acts, VKTR has suffered and continues to suffer damages, including but not limited to lost sales, loss of goodwill, and damage to its business reputation.

41. VKTR is entitled to injunctive relief, compensatory damages, disgorgement of Leitner-Wise's profits, and such other relief as the Court deems just and proper.

WHEREFORE, VKTR respectfully requests that the Court enter judgment against Leitner-Wise and enter an order:

A. Finding that Leitner-Wise has infringed U.S. Patent No. 7,735,410 under 35 U.S.C. § 271(a);

B. Finding that Leitner-Wise's infringement has been willful;

C. Finding that Leitner-Wise engaged in unfair competition, misappropriation, and/or passing off with respect to the marketing, advertisement, and sale of the Accused Product in violation of the Lanham Act and Texas law.

D. Enjoining Leitner-Wise and its respective officers, agents, servants, employees, attorneys, assigns, and all of those persons in active concert or participation with any of them from directly or indirectly infringing any claim of U.S. Patent No. 7,735,410 or from directly or indirectly engaging in unfair competition, misappropriation, and/or passing off with respect to the marketing, advertisement, and sale of the Accused Product;

E. Awarding compensatory damages to VKTR under 35 U.S.C. § 284;

F. Trebling the damage award under 35 U.S.C. § 284 and 15 U.S.C. § 1117(a);

G. Awarding VKTR pre-judgment and post-judgment interest;

H. Finding this to be an exceptional case under both 35 U.S.C. § 285 and 15 U.S.C. § 1117 and awarding VKTR its reasonable attorneys' fees and expenses in this action;

I. Awarding VKTR its costs in this action; and

J. Awarding additional relief as the Court deems just and proper.

Dated: July 3, 2026

Respectfully submitted,

**STINSON LLP**

By: *<u>/s/ B. Scott Eidson</u>*

B. Scott Eidson
Missouri Bar No. 57757
Timothy K. Krieger
Missouri Bar No. 57832
J. Nicci Warr (*Pro Hac Vice* Forthcoming)
Missouri Bar No. 59975
Jacob R. Schlueter (*Pro Hac Vice* Forthcoming)
Missouri Bar No. 73929
7700 Forsyth Blvd., Suite 1100
St. Louis, MO 63105
Tel: (314) 863-0800
Fax: (314) 259-3924
Email: scott.eidson@stinson.com
Email: tim.krieger@stinson.com
Email: nicci.warr@stinson.com
Email: jacob.schlueter@stinson.com

*Attorneys for Plaintiff VKTR, LLC*